DAVID C. HAGER, APPELLEE V. SILAS H. BURNHAM, JR., ET AL., APPELLANTS.

FILED JANUARY 15, 1924. NO. 22627.

1. Appeal: AFFIRMANCE. When, in a suit for rescission and a recovery of the money paid, defendants admit that they conducted the negotiations that culminated in the contract, but deny that they were acting as principals and assert that they were mere agents for another, and the identity of the principals to the contract must be determined from an inspection of memoranda supplemented by oral testimony, it becomes a question of fact, and the finding of a jury thereon will not be disturbed when the verdict is in accord with the evidence.

2. **Evidence:** ADMISSIBILITY. It is not improper for a trial court to admit in evidence a contract or memorandum which supplements or explains another contract or memorandum properly in evidence, when the two are interdependent and both were made with reference to the same general transaction.

3. **Trial:** INSTRUCTIONS. The instruction complained of has been examined and found free from error.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Harry A. Reese* and *Bruce Fullerton,* for appellants.

*G. E. Hager, contra.*

*Hall, Cline & Williams, amici curiæ.*

Heard before MORRISSEY, C. J., DEAN, DAY and GOOD, JJ., REDICK, District Judge.

MORRISSEY, C. J.

This is an action at law brought to rescind a contract which plaintiff alleges was made between him and defendants. The cause was tried to a jury, and from a verdict and judgment in favor of plaintiff, defendants appeal.

For cause of action, it is alleged that defendants, through their duly authorized agent, represented to plaintiff that defendants were the owners in fee of certain lands, water rights and irrigation ditches in Wyoming; that the irrigation project was then in course of completion, and that water rights for the land, for which application was made by plaintiff, had been acquired from both the federal and state governments; that the irrigation system was then supplying enough water to irrigate all the land within the project, and that all such land had been segregated under the Carey act; that defendants had secured from the state of Wyoming the right to make contracts for the land described, and for water rights from the irrigation system mentioned; that all of the lands were fit for cultivation and were irrigable and were then ready to be seeded; and that defendants were reliable persons and financially responsible. There was the further allegation that defendants' agent represented one of the defendants to be the same man who was then at the head of

one of Nebraska's large banks, and that, by reason of his connection with this bank, defendants were financially able to maintain an effective farming organization, and that they would cultivate the land purchased by plaintiff, he, however, to pay defendants the necessary expenses of farming the land; that in the course of five years the net income from the land would largely, if not wholly, pay the cost of the same; that defendants had made arrangements whereby they could secure a loan upon the land from the United States Federal Land Bank for one-half of the purchase price, thus making it unnecessary for plaintiff to withdraw this amount of money from his mercantile business, except during a brief period while the necessary negotiations for the loan were being conducted; that all money pertaining to the cropping of the land would be handled by the First Trust Company of Lincoln, and that this company had agreed to act as trustee in that connection; that the land was worth not less than $250 an acre; that the climate was well adapted to the raising of wheat, oats, corn, barley, and alfalfa, and that similar lands were selling for $300 an acre and paying 10 per cent. on that valuation. It is alleged that plaintiff, relying upon these representations, made application for the land described in his petition and purchased the water rights for such land for the sum of $6,327.50, and paid one-half thereof in cash and gave his promissory note for the balance. It is alleged that all of the presentations set out were false; that they were made with the fraudulent purpose of inducing him to enter into the contract; and that, as soon as he learned of the fraud that had been perpetrated, he tendered back to defendants whatever he had received under the contract, notified defendants of his intention to rescind the contract, and demanded the return of his money and note.

Defendants' answer admits that defendants are a partnership; admits that they entered into a contract with plaintiff for the sale of the water rights described in his petition, but asserts that defendants were not acting as principals, but only as agents for the Lake View Canal

Company. It is admitted that the land was represented as irrigable and to be within the district segregated by the United States government under the Carey act. It is denied that defendants represented themselves to be the owners in fee of the land; that it was income producing; that the irrigation ditches were completed; or that defendants by any means or in any manner misled or defrauded plaintiff; and the answer also contains a general denial.

Taking up the assignments of error in the order presented in appellant's brief, we are urged to hold that the verdict and judgment are contrary to the evidence, and that there is a failure of proof of any of the material allegations in the petition. In connection with this assignment, it is necessary to call special attention to the point made in defendants' concluding assignment of error, viz., that the action cannot be maintained against defendants for the reason that, in entering into whatever contract or agreement was made with plaintiff, defendants were acting only as the agents of a corporation known as the Lake View Canal Company, and that this corporation was the real party to the contract, and that as mere agents defendants are not liable in an action for rescission of the contract. Without undertaking to say what would be the proper rule if the record supported the contention of defendants, we will consider the evidence upon which plaintiff relies to support his claim that his contract was with defendants, not as agents, but as principals.

Plaintiff has testified that he entered into the agreement with defendants through their agent Mr. White. The agency of White is not denied. In the bill of exceptions we find two exhibits which plaintiff alleges were furnished him either by defendants or their agent White. Exhibit No. 1, called a cropping contract, was executed in the name of defendants by their agent White. Exhibit No. 2, which appears to be an application for the land, "and water from the Lake View Canal Company," is addressed to defendants, not as agents, but apparently as principals, and, although it contains numerous provisions, there is nothing in the body

thereof to indicate that plaintiff is directing his application
to any person or corporation other than the parties first ad-
dressed. The blank forms used were confessedly prepared
and furnished by defendants, and the names of defendants
are prominently displayed and there is a total absence of any
suggestion that they were acting as mere agents; the money
was paid to defendants, and the note was delivered to them,
or to Mr. White, their agent. In addition to this, there is
the uncontradicted testimony of plaintiff that Mr. White
represented defendants to be the principals. White, the
agent, was not called as a witness, and plaintiff's testimony
as to the representations made by him stands without con-
tradiction.

Defendants' relationship to the contract was, under the
pleadings and evidence, one of the questions which it was
proper to submit to the jury, and the jury found the defend-
ants to be principals acting in their own right, and the evi-
dence is ample to sustain that finding. Throughout appell-
lants' brief this is the question most persistently urged, and
most of the argument is based upon the assumption that the
defendants are not liable because they are merely sales-
agents. With this as a premise, it is argued that this ac-
tion in rescission cannot be maintained. Holding, as we
do, that the finding of the jury on this point is sustained by
the evidence, it is unnecessary to further discuss that sub-
ect. However, in connection with this point, we do not over-
look defendants' objections to the introduction in evidence of
exhibit No. 1, the cropping contract. It is claimed by de-
fendants that all matters connected with this exhibit had
been fully adjusted before this suit was instituted. It is
admitted that whatever contract was made in relation to the
cropping of the land was made with defendants as princi-
pals, and not as agents. And it is said that that was an
dependent transaction, entirely separate and apart from the
main contract in suit, exhibit No. 2, and that it was, there-
fore, prejudicial to defendants to permit its inspection by
the jury. A consideration of the two exhibits, together with
the uncontradicted testimony of plaintiff, brings us irresis-
tibly to the conclusion that the exhibits are interdependent.

The trial court evidently took the view that there was one general agreement between the parties, and that exhibit 1 was admissible to show, in part, the nature of that agreement and in this he was clearly right. We shall not set out extended excerpts from the evidence given in support of the numerous charges of fraud, but it has been examined and found sufficient to support the verdict.

In stating the issues, the court set out the substance of the petition, substantially in the language of the petition. It is claimed that this submitted to the jury many questions upon which no evidence had been offered. With this conclusion we can not agree. The instructions were proper under the pleadings and the evidence. There is no error in the record, and the judgment is

AFFIRMED.