KATHERINE NISSEN, APPELLEE, V. SILAS H. BURNHAM, JR.,
ET AL., APPELLANTS.

FILED FEBRUARY 17, 1925. No. 22979.

1. Rescission: AFFIRMANCE. In this, an action in rescission, the
   substance of the evidence is outlined in the opinion, and it is
   *held* that the evidence supports the verdict.
2. Trial: APPROVAL OF INSTRUCTION. The instruction criticised
   has been examined, and it is *held* that it was properly given.

APPEAL from the district court for Lancaster county:
ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*Bruce Fullerton* and *H. A. Reese,* for appellants.

*Stewart, Perry & Stewart, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and
THOMPSON, JJ., and SHEPHERD, District Judge.

MORRISSEY, C. J.

This action was brought by plaintiff to rescind a contract
which she alleges was made between her and defendants.
The cause was tried to a jury, and from a verdict and judg-
ment in favor of plaintiff, defendants appeal.

The petition alleges that defendants were partners doing
business under the firm name of Burnham & Deane; that on
February 24, 1920, one Ingles, the agent of defendants,
made certain false and fraudulent representations to plain-
tiff, and that she, relying upon these representations, was
induced to enter into the contract, or contracts, in suit, and
to pay over to defendants, or their agents, the money in this
suit sought to be recovered. The issues presented are in
substance the same as are set out in detail in *Hager v. Burn-
ham,* 111 Neb. 481. The defendants in that case being the
same parties who are defendants here, and the contract
forms in the two cases being those employed by the defend-
ants in their business and substantially the same in both
cases, we shall refrain from setting them out with par-
ticularity here.

The chief assignment of error asserts that the proof is insufficient to support the allegations of the petition and to entitle plaintiff to recover a judgment against defendants. From the argument, we infer that this assertion is made on the theory that defendants, in doing the things complained of in the pleadings, were acting as mere agents, and that as agents they are not proper parties to this proceeding, which is in rescission. We are cited to the recent case of *Huffman v. Bankers Automobile Ins. Co.*, 112 Neb. 283, wherein it is held:

"Ordinarily, in an action against a corporation to rescind a contract for the purchase of its capital stock and to recover the purchase price paid therefor, on the ground of fraudulent representations of the agent in inducing the purchase of such stock, such agent is not a necessary or proper party defendant."

We are in entire accord with the rule just quoted, but it does not apply to the case before us. The answer of defendants did not call especially to the attention of counsel for plaintiff, or to the trial court, the point just mentioned, although it may be said, under our rule of liberal construction of pleadings, that it is contained within the answer. In the instructions given by the trial court the question was not specifically presented. Counsel for defendants did not call this feature of their defense to the attention of the court and request the court to submit to the jury the question as to whether or not defendants were acting as principals or as agents. The trial was conducted on the theory that they were principals, and we may add that, from the evidence adduced, the jury would not have been justified, had the issue been specifically presented, in reaching any conclusion other than that they were principals, and that the contracts in suit were made with them as principals, and not as agents for other parties.

By instruction No. 1 the court undertook to state the issues to be determined by the jury. Appellants claim this instruction is erroneous, in that it submitted questions

which were wholly lacking support in the evidence, and others in no wise in issue. The criticism is based upon the interpretation appellants put upon the evidence. The trial court properly put a different interpretation upon it. The court did not err in giving the instruction.

Other assignments of error are made, but they do not go to the substantial merits of the controversy. We have made a careful examination of the record, but find no prejudicial error therein. The judgment is

AFFIRMED.